UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL THOMPSON,<br>RHONDA THOMPSON,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES, INC.,<br>POLARIS SALES, INC.,<br>JET RENT,<br>DOE DEFENDANTS 1-10,<br>ABC CORPORATIONS 1-10, and<br>BLACK AND WHITE PARTNERSHIPS 1-10,<br><br>Defendants.<br><br>INDIANA MILLS AND MANUFACTURING,<br>INC.,<br>JENNIFER LYNN SCHUSTER,<br><br>Interested Parties. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:18-mc-00019-TWP-TAB |

**ORDER FOLLOWING MARCH 27 CONFERENCE**

    **I.**    **Introduction**

The Court held a telephonic conference on March 27, 2018, regarding two motions for issuance of a subpoena [Filing Nos. 1 and 2] and two motions for a protective order. [Filing Nos. 7 and 11.] During the conference, the Court heard argument, denied Plaintiffs' motions for issuance of subpoenas, and granted Indiana Mills and Manufacturing, Inc.'s and Jennifer Schuster's motions for protective orders.

The underlying matter is a products liability and personal injury suit pending in the District of Arizona. IMMI is a manufacturer that supplied seat belts to Defendant Polaris Industries, though not for the vehicle involved in the rollover crash that injured Plaintiff Michael

Thompson. Schuster and her firm, Frost Brown Todd, LLC, represent non-party IMMI. Plaintiffs sought to take IMMI's Rule 30(b)(6) deposition and to depose Schuster.

## II. Discussion

The Court denied Plaintiffs' motions for several reasons. To begin, this Court lacks the authority to issue the requested subpoenas. "A subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). In this instance, the action is pending in the District of Arizona. Plaintiffs cite the 2013 amendments to Rule 45.[1] However, these provisions do not empower this Court to issue the requested subpoenas. The 2013 amendments merely clarify and simplify the way to enforce or challenge a subpoena when compliance is required in a different district. *See* Fed. R. Civ. P. 45 Advisory Committee Notes for 2013 Amendment. Subsection (d)(3) allows the court for the district where compliance is required to quash or modify the subpoena, issue a protective order, or order appearance or production. Subsection (f) allows the court where performance is required to transfer a subpoena-related dispute back to the issuing court under exceptional circumstances or consent.

Next, the subpoenas were not properly served. The proofs of service Plaintiffs attached to their motions were blank. [Filing No. 1-2, at ECF p. 2; Filing No. 2-2, at ECF p. 2.] And Plaintiffs' counsel admitted that service was not completed until the morning of March 27, 2018. On March 16, the Arizona district court issued the same subpoenas Plaintiffs asked this Court to issue. [Filing No. 1-2, at ECF p. 1; Filing No. 2-2, at ECF p. 1.] Not only did Plaintiffs fail to serve the Arizona-issued subpoenas (irrespective any explanation for the failure), Plaintiffs failed to even notify IMMI or Schuster, despite being in email communication.

---

[1] Plaintiffs also cited Ind. Code. § 34-44.5-1-6 *et seq.*, which is a uniform act governing the procedure for state courts issuing foreign subpoenas. These state court procedures are irrelevant.

2

Plaintiffs' premature termination of communication is another problem. Local Rule 37-1 requires a good faith effort to meet and confer to resolve discovery conflicts before involving the Court. The emails attached to the motions and responses, as well as the lawyers' representations during the conference, indicated that Plaintiffs and IMMI and Schuster were in negotiations regarding the scope of Plaintiffs' earlier discovery requests. However, Plaintiffs' abrupt end and threat of subpoenas indicates a lack of good faith. *See Loparex, LLC v. MPI Release Techs., LLC*, 1:09-CV-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute."). Given the progress made, additional efforts to negotiate would be more appropriate than motions practice. *See Eli Lilly and Co. v. Valeant Pharm. Intl.*, 1:08-CV-1720-SEB-TAB, 2010 WL 11565937, at *1 (S.D. Ind. Feb. 4, 2010).

Even absent the above problems, the subpoenas place an undue burden on these non-parties. Plaintiffs unilaterally set the date, time, and place for the depositions and production. Once served, IMMI would have had roughly 36 hours to prepare for a Rule 30(b)(6) deposition, which is unreasonable. The Court notes that the discovery deadline in the underlying matter was March 29. However, this suit has been pending since 2015, and the discovery deadline has been enlarged already. Non-party IMMI should not be shouldered with such a burdensome time-crunch that certainly was not its making. Further, the depositions appeared to be of limited utility. The expert disclosure deadline was just around the corner, calling into question whether Plaintiffs had time to analyze any deposition testimony or produced materials. And if they did, the discovery appeared likely to have little probative value given probable issues with Fed. R. Evid. 407.

The subpoena for Schuster suffered the same timing problems. Further, it attempted to walk an exceptionally narrow line around the attorney-client privilege and the work-product doctrine in an effort to get at communications between Schuster (and her firm) and Defendant's counsel. Plaintiffs faced an uphill battle to be permitted such discovery and did not come close.

Nonetheless, the Court did not foreclose a future Rule 30(b)(6) deposition of IMMI should the discovery period be enlarged by the Arizona district court. If the discovery period is enlarged, Plaintiff should continue to work with IMMI to reach an agreement regarding the scope of the deposition and production.

Regarding the protective orders, the Court granted IMMI's and Schuster's requests largely for the same reasons it declined to issue the subpoenas.[2] Schuster—attorney for a non-party—should not be forced into being deposed on less than two days' notice, especially since much of the information is likely privileged or work product. Similarly, a Rule 30(b)(6) deposition with less than two days' notice would likely have caused IMMI exceptional hardship. By issuing the protective order, the Court merely made clear that IMMI and Schuster did not have to appear for the depositions or make the associated productions on March 29.

### III. Conclusion

Therefore, the Court denied Plaintiffs' motions for issuance of subpoenas [Filing Nos. 1 and 2] and granted IMMI's and Schuster's requests for protective orders. [Filing Nos. 7 and 11.]

Date: 4/6/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court acknowledges that IMMI and Schuster included their motions for protective orders within their responses to Plaintiffs' motions, which goes against Local Rule 7-1. However, the inclusion of the motions was understandable given the expedited nature of the dispute.

Distribution:

Darren Andrew Craig
FROST BROWN TODD LLC (Indianapolis)
dcraig@fbtlaw.com

Samuel L. Jacobs
JACOBS LAW LLC
sjacobs@indianainjury.com

Matthew Reed King
FROST BROWN TODD LLC (Indianapolis)
mking@fbtlaw.com

Jennifer Lynn Schuster
FROST BROWN TODD LLC (Indianapolis)
jschuster@fbtlaw.com

Jeffrey C. Warren
Amanda Heitz
Paul G. Cereghini
BOWMAN AND BROOKE LLP
2901 N. Central Avneue
Suite 1600, Phoenix Plaza
Phoenix, AZ  85012

Jo Ann Niemi
Larry E. Coben
ANAPOL WEISS
8700 E. Vista Bonita Drive, Suite 268
Scottsdale, AZ  85255